LAND, J.
The defendant sued out executory process on a note for $2,700, signed by *971 Mrs. Mary E. I-Iolloman, with the authorization of her husband, and secured by special mortgage and vendor’s privilege on a certain improved lot situated in the city of Alexandria. The transaction between the parties was in the form of a sale by Mrs. Holloman of the lot to the defendant association, and a resale of the same property by the association to Mrs. Holloman for the price of $3,000, represented, in part, by her note for $2,700, bearing interest at the rate of 6 per cent, per annum, payable monthly, the whole in accordance with the provisions of the charter and by-laws of the defendant corporation.
The plaintiff, Mrs. Holloman, enjoined the execution of the writ of seizure and sale on the following grounds:
That Mrs. Holloman, acting under the influence of her husband and of his creditors, applied to the defendant association for a loan to pay the debts of her husband.
That the defendant knew of this purpose, and demanded as a condition of the loan that she pay the indebtedness of her husband. That the association caused a pretended sale of the property to be made to it by Mrs. Holloman for $2,700, when in fact no money was paid.
That on the same day Mrs. Holloman was induced to purchase back the same property, and in the act of sale the association retained a pretended vendor’s lien and privilege, but that the two acts were merely simulated sales, or at least a disguised mortgage, made to subject the property to the payment of the husband’s debts.
That the property was the homestead of Mrs. Holloman, and not subject to the payment of her husband’s debts.
An exception of no cause of action filed by the defendant was overruled. Judgment was rendered dissolving the injunction to the extent of $1,490.54, that part of the loan which was used in paying off a prior mortgage on the property, and perpetuating the injunction as to the balance of the $2,700.
A rehearing was granted, and a final ■judgment was rendered in favor of the defendant, dissolving the injunction in toto, and dismissing the suit. Plaintiff has appealed.
[1-3] The plaintiff became a shareholder of the defendant corporation, and the transaction between the parties was not a mortgage, but a purchase and resale, under the provisions of Act No. 120 of 1902, relative to building and loan and homestead associations. Section 13 of said act reads, in part, as follows:
“Married women may subscribe for, hold, withdraw, transfer, pledge, borrow upon and surrender stock in such corporations without the consent or authorization of their husbands, and same shall be her separate benefit as paraphernal property.”
And section 9 reads in part as follows:
“That such associations are authorized and empowered to contract and agree with any person to acquire or purchase from such person any property, and afterward to sell or' dispose of the same property to a member, even though said agreement be made at one and the same time, and such contract and agreement shall not be considered or dealt with as a loan, but as a purchase or acquisition by the association, and then as a sale by the association to such member, and such association, to secure payment of the amount due by such member, shall have all the rights, privileges and securities which are now accorded by the law to the vendor of the property.”
Act No. 115 of 1888 on the same subject-matter, and containing similar provisions, was held to be valid in American Homestead Co. v. Karstendiek, 111 La. 884, 35 South. 964.
In that case the defendant contended that she had not received the proceeds of the loan or sale, and that the money was secured by her husband and used for his own purposes. But it being shown that the defendant was represented by her husband in her dealings with the Homestead Company, the court held that, in the absence of any charge of *973 fraud, the defendant was concluded by her acknowledgment of the receipt of the price and of the title of her vendor.
In the case at bar the plaintiff’s husband represented her in her dealings with the defendant association, and the cash balance coming to the plaintiff was paid to her, or her husband, who were both present when the money was handed out. It appears that a part of the funds was then and there paid to an attorney representing creditors of the eldest son of the plaintiff, who had recently failed in operating a shoe store in the' city of Alexandria, and that the remainder of the money was used in starting the same shoe store in the name of the plaintiff. According to the testimony of two of plaintiff’s sons, Holloman, Sr., having failed as a country merchant, moved to the city of Alexandria, where he resumed business in 'the name of his eldest son; and when this business also proved a failure, he induced his wife to obtain a loan from the defendant association, and with the money thus secured he compromised with creditors, and started business again in his wife’s name.
The evidence shows that the business was purchased by the wife, who placed a second mortgage on her property in order to secure creditors, that after the lapse of several months she failed as a public merchant, and that several judgments were rendered against her individually for merchandise purchased, and one, in favor of a son, for clerk’s salary.
The very respectable attorney, who represented the defendant association in the transaction, testified that at the time of the loan he did not know how the money was to be used or expended by Mrs. Holloman, that he did not know that Mrs. Holloman subsequently opened a store in the city of Alexandria, that he did not know anything about her business, and that Mrs. Holloman never made any complaint to the defendant association about the transaction.
Neither the payment of the debts- of the plaintiff’s husband, nor the disposition of the money paid, concerned the defendant association, which dealt with Mrs. Holloman in the usual course of its business.
The only known debts of the husband were in ..the form of two recorded judgments against him. The testimony of Attorney Hundley proves that, these judgments were not paid out of the money received from the defendant association.
The record shows that the plaintiff, intending to become a public merchant, made the transaction in question, and, with the authorization of the judge, placed a second mortgage on the property, for the purpose of acquiring the shoe business standing in the name of her son.
It goes without saying that third persons were not affected by the secret understanding between the father and the son as to the title to this business.
Assuming that the plaintiff permitted her husband to receive the money and to use it for his own purposes, that fact would not affect the validity of the contract in question, which did not bind the wife or her property for the debts of her husband, and which in law was for her separate benefit. Caldwell v. Trezevent, 111 La. 414, 35 South. 619.
Judgment affirmed.