(83 South. 417)

No. 22218.

HUTTS v. CROWLEY BUILDING & LOAN ASS'N et al.

(Dec. 1, 1919.)

*(Syllabus by Editorial Staff.)*

HUSBAND AND WIFE ⬤⇒274(1)—PURCHASERS CAN RELY ON RECORD TITLE AS AGAINST RIGHTS OF HEIR OF COMMUNITY.

Transfers made by persons to homestead companies and by homestead companies to the original owners being complete sales, in view of Act No. 115 of 1888 and Act No. 120 of 1902, where a member of a homestead association sells community property to such association, which in turn resells to the member, whose wife has in the meantime died, and the member again sells it to the association, which resells to a third party, such transactions being all placed on record, the third party obtains title; he being entitled to rely upon the recorded title standing in the member's name free from claims under the community.

Appeal from Eighteenth Judicial District Court, Parish of Acadia; William Campbell, Judge.

Suit by Thomas B. Hutts, for the use of John M. Hutts, against the Crowley Building & Loan Association and others, to recover an interest in realty, wherein John M. Hutts, upon arriving at his majority, was substituted as a party plaintiff. Judgment for plaintiff as to part of the relief demanded only, and he appeals. Affirmed.

Smith & Carmouche, of Crowley, for appellant.

Chappuis & Chappuis, of Crowley, for appellee Crowley Building & Loan Ass'n.

J. E. Barry, of Crowley, for appellee Hockaday.

SOMMERVILLE, J. Thomas B. Hutts, the father of John Marshall Hutts, for and in behalf of his son John, instituted this suit for the recovery of an undivided one-half interest in and to lots 11, 12, 13, and 14, in block 120, of the city of Crowley, which he declared had been standing in the name of the Crowley Building & Loan Association, and had been transferred by it to W. E. Hockaday. Since the institution of the suit the minor has become of age, and he has been substituted party plaintiff in the cause. He asks that the transfer by his father to the building and loan association be declared to have been a mortgage, and not a sale; further, that he be declared to be the owner of the undivided one-half of said lots; and that a partition by licitation be ordered.

Defendants answer, admitting that John Marshall Hutts is the owner of an undivided one-half of lot No. 13, but deny that he is

the owner of any part of the other lots, and the association asks that lot No. 13 be partitioned by licitation.

There was judgment in favor of the plaintiff, recognizing him as the owner of an undivided one-half of lot No. 13, and recognizing Hockaday to be the owner of lots 11, 12, and 14. It was further ordered that lot No. 13 be partitioned between the parties. Plaintiff has appealed.

The evidence shows that the property in question was acquired by Thomas B. Hutts in the year 1899, during the community between him and his wife, Mrs. Clara Marshall Hutts; that in 1900 Mr. Hutts, desiring to build on the lots, made application to the defendant company for a loan to be secured by a sale of the real estate, known as lots Nos. 11, 12, and 14. Lot No. 13 was not included in the sale made at that time by Mr. Hutts. Mrs. Hutts died in the year 1902, and in the year 1903 the homestead company resold the three lots to Mr. Hutts. He, at that time a widower, became the owner of the whole of the entire three lots.

It is contended by plaintiff that the two transactions, the sale by Hutts to the company in 1900, and the sale by the homestead company to Hutts in 1903, was but one transaction, all of which should have taken place in 1900; that the property sold to Mr. Hutts in 1903, after the dissolution of the community, was the property of the community between Mr. and Mrs. Hutts; and that he (plaintiff) inherited his mother's interest in said lots.

It has been several times adjudicated that the transfer made by persons to homestead companies, and by homestead companies to the original owners, were complete sales. Act No. 115 of 1888, p. 177; Act No. 120 of 1902, p. 195; American Homestead Co. v. Karstendiek, 111 La. 884, 35 South. 964; Holloman v. Alexandria & Pineville Building & Loan Ass'n, 137 La. 970, 69 South. 764.

Mr. Hutts again sold the same property to the association on January 24, 1907, and on the same day the association resold the property to Mr. Hutts. On November 2, 1909, Mr. Hutts again sold the property to the association, and on December 16, 1913, the association sold it to the codefendant, W. E. Hockaday. The transfer of the three lots in question in the year 1900, by Mr. Hutts to the association, vested title in the association, and divested the community of any title whatever it had had; so that when Mrs. Hutts died in 1902 the property did not belong to the community or to Mr. Hutts; and John Marshall Hutts, the son, inherited no portion of the said property when his mother died in 1902; and the reacquiring of the property by Mr. Hutts in 1903 from the association did not revest the title in the community, which had been dissolved the year before by the death of Mrs. Hutts.

The parties to the transaction, Mr. Hutts and the association, may have considered it as a loan or mortgage; but the written document shows that an absolute sale was made by Mr. Hutts to the association. The subsequent acquisition in 1903 vested title in Mr. Hutts alone, and he had the right to sell the property to the association, and he did so on two separate occasions.

These several acts of sale were regularly recorded on the public records of the parish; and relying upon these records, Hockaday, the codefendant, bought the three lots in question from the association. Hockaday was, to all appearances, in perfect good faith; and, having bought on the faith of the recorded titles, he is protected in his ownership and possession of the property.

"One who, upon faith in the public records, purchases real estate, the recorded title to which stands in the name of his vendor, is entitled to be protected in his purchase against any claims or equities arising out of the previously existing relations between his vendor and the latter's author or other persons."

Breaux v. Royer, 129 La. 894, 57 South. 164 (38 L. R. A. [N. S.] 982), syllabus.

.This suit is for the property itself; there is no demand for its value, or damages, or anything else, and, inasmuch as plaintiff's demand cannot be allowed, no alternative is left the court but to dismiss the suit, leaving plaintiff to pursue his separate remedies, if any he has, against the association.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed, with costs.