No. 760.

MRS. NANCY E. TALLY VS. WILLIAM HEFFNER, SHERIFF, ET AL.

Property purchased during marriage in the joint names of husband and wife is *community* property, although paid for with the wife's paraphernal funds.

APPEAL from the Tenth Judicial District Court, parish of Caddo. *Boarman*, J.

*D. M. C. Lliham, Duncan & Moncure*, and *N. C. Blanchard*, for plaintiff and appellant.

*Land & Taylor* and *William H. Wise*, for defendants and appellees.

The opinion of the court was delivered by

DEBLANC, J. Mrs. Nancy E. Tally claims to be owner of the undivided

half of lot No. 8, in block No. 50, in the city of Shreveport, which she alleges she acquired jointly with her husband and paid for with her separate paraphernal funds.

She also claims as belonging to her the buildings and improvements which are now on the undivided half of the lot, which she considers as her separate and paraphernal property, the most of which were thereon placed and paid by her husband; and paid, as shown by the evidence, with funds of the community.

The whole of lot No. 8 was, by plaintiff's husband, mortgaged to the tutor of the minor Wilcox and to the Life Association of America. Under these mortgages the property was seized and advertised for sale. Mrs. Tally opposed the sale, but without giving bond. The sale was made, and the property adjudicated, one half to the tutor of Wilcox, the other half to the Life Association of America.

Shall Mrs. Tally's opposition be sustained, and those adjudications annulled? The title on which she relies either justifies or defeats her opposition.

On the nineteenth of January, 1859, she and her husband purchased from the succession of W. W. Smith lot No. 8 of block No. 50. The deed from the administrator recites that "the sale is made to Martin Tally and wife," that the price was paid, *without stating by whom.*

The partnership or community between husband and wife consists, among other things, " of the estates which they may acquire during the marriage, either by donations made jointly to both, or by purchase, even although the purchase be only in the name of one of the two and not of both, because the period of time when the purchase is made *is alone attended to,* and not the person by whom it was made. R. C. C. 2402.

That article fixes the general rule. How has that article been construed by this court? Though the title be taken in the name of only one of the spouses, or in the names of both, the law classes as common property that acquired during the marriage.

To that rule what are the acknowledged exceptions? As to the wife, the property is paraphernal when it is transferred to her as a *dation en paiement*, or when the title to the property is taken in her own name, by herself or her agent, and paid for with her paraphernal funds, administered by her without the assistance of her husband. 24 An. 295; 7 An. 92; 4 R. R. 117; 10 An. 606; 17 L. R. 300.

The intention, on the part of either of the spouses, to acquire a separate title, to exclude the acquired property from the marital partnership, must be clearly expressed, can never be presumed, and why? Because it would be to presume against an adverse, a legal, presumption.

Neither in law nor in fact can a joint purchase be regarded as a separate purchase. Under the first, the property passes to the community,

and, at least as to third persons, neither of the spouses can be allowed to contradict the recital of their own act, and to show that the joint purchase evidenced by the act was, as to one of them and as to a portion of the property, a separate purchase, one by which they intended to acquire a separate title to the undivided ownership and undivided possession of an undesignated fraction of a whole, sold to and jointly purchased by the husband and wife.

The joint purchase by those who compose the matrimonial partnership vests the acquired title, not in one of the partners and the community, but in their partnership, and this though the price of the property be paid with the separate funds of either of the spouses. 4 R. R. 117; 17 L. R. 300; 10 L. 180; 1 R. R. 367; R. C. C. 2334.

To be a notice to third parties, to put them on inquiry, the separate purchase in the name of the wife must be recorded as required by law; but this is not all; the recorded act must contain the declaration that the property was paid for with her paraphernal funds, and that, at the date of the sale, those funds were under her separate administration, or that the sale was a "*dation en paiement*" from her debtor to her, in satisfaction of a paraphernal claim. 12 R. R. 579; 8 An. 286; 20 An. 531 and 532.

Without that declaration, the fact that the title was taken in her name does not raise even a presumption in her favor, and leaves unremoved, unimpaired, the presumption that the acquired title passed to the community. When made in the act, that declaration, though not conclusive against the creditors of the community, is a notice to them. 7 An. 326; 20 An. 531; H. D., vol. 1, p. 883, Nos. 7, 8, and 10.

Plaintiff contends that one of the defendants was put on inquiry by the fact that the title to the property was in the name of the husband and wife; and how? One of the counsel representing the association went to plaintiff's husband and asked him to explain the appearance of his wife's name in the title-deed. The husband answered " he did not think it would make any difference; that the property belonged to the community." The counsel replied that he so believed.

That declaration was objected to, and should have been excluded. It was the dead husband's declaration, made out of the presence, and against the interest of the wife, in a suit to which he had been but a nominal party. Its admission or exclusion could neither add to nor impair and weaken the presumption invoked by defendants.

Plaintiff attempted to prove by her own and the testimony of other witnesses that " she bought in her name, for her own use and benefit, and paid for with her paraphernal funds, when under her administration, lot No. 8 of block No. 50."

To the reception of that testimony defendants objected, on the grounds—

First—That plaintiff had not alleged that, at the date of her purchase, she had the administration of her paraphernal effects, or that she was separate in property from her husband.

Second—That, if received, said testimony would contradict the declarations contained in an authentic act, and substitute for recorded stipulations different and secret stipulations.

Their objections should have prevailed; plaintiff and defendants rely on but one and the identical deed; that deed was duly recorded, and became a notice to the world. It transferred the property to the community, not to the wife; and private agreements which are not recorded did not, could not, to the prejudice of the creditors of the community, divest its acquired and recorded title, or any parcel of that indisputable title.

The marked ability of her counsel has alone, but for an instant, upheld plaintiff's unfounded and defenseless pretensions.

There is no error in the decree appealed from, and that decree is affirmed with costs.

Rehearing refused.