BRUNOT, Justice.
 

 On August 19, 1926, the plaintiff and her husband, Thomas J. Young, who is now deceased, acquired, in their joint names,
 
 *461
 
 the following described property: Lots 1 and
 
 2,
 
 block 23 of the town of Rodessa, Caddo parish, La., including the oil, gas, and mineral rights on and under said property. On February 20, 1934, the defendant purchased from Thomas J. Young, the plaintiff’s husband, and co-owner, of record, of said property, the mineral rights thereon and thereunder. Thereafter, on a date not disclosed by the record, Thomas J. Young, the plaintiff’s husband, and record co-owner of the property, died. The plaintiff alleges in her petition, which was filed August 12, 1935, that she is the sole owner of the property described supra, and that said property was purchased with her paraphernal funds, but there is no recital of that fact in the deed of conveyance. She alleges the nullity of the sale, by her husband to the defendant, of the minerals on or under the property, and that she has been damaged thereby. She prays for the rescission of that sale and for the alleged damages.
 

 The defendant excepted to the petition as not disclosing a right or cause of action. Both exceptions were maintained, the suit was dismissed at plaintiff’s cost, and she appealed from that judgment.
 

 The plaintiff bases her demand for the rescission of the sale upon her erroneous belief that, under the circumstances noted, her written consent to the sale was essential to its validity, and she relies upon the provisions of Act No. 186 of 1920, amending Civ. Code, art. 2334, in support thereof.
 

 The act relied upon merely provides that property standing in the name of the wife “cannot be mortgaged or sold by the husband without her written authority or consent.” Under the provisions of C.C. art. 2402, and the jurisprudence of this state, property purchased in the joint names of the husband and wife falls in the community, and the husband, as master of the community, may validly dispose of it. It is only when community property stands in the name of the wife, alone, that the husband cannot sell it without obtaining her written consent to the sale. In the case of Burns v. Thompson, 39 La.Ann.
 
 377,
 
 at page 387, 1 So. 913, 921, the court, in its opinion, said:
 

 “That property, thus purchased in the joint name of the two spouses, fell into the community, is a question not open to discussion under our system. C.C. 2334; Rousse et al. v. Wheeler, 4 Rob. 114; Tally v. Heffner, 29 La.Ann. 583.”
 

 Prior to the passage of Act No. 170 of 1912, property acquired, during the existence of the marriage, in the name of the wife alone, was presumed to fall into the community, and the burden was upon the wife to rebut that presumption. Act No. 170 of 1912 clarified that situation by amending C.C. art. 2334, so as to make it impossible for the husband to validly encumber or alienate property standing in the name of the wife alone, without her written consent. C.C. art. 2334, as amended, does not affect the rights of the head and master of the community respecting property standing in the name of both spouses, especially where, as in this case, there is no recital in the deed, by which they acquired
 
 *463
 
 the property,, suggestive of anything but joint ownership thereof.
 

 For the foregoing reasons, the judgment appealed fre*n is affirmed at appellant’s cost.
 

 O’NIELL, C. J., and FOURNET, J., take no part.