HIGGINS, Justice.
 

 Mrs. Sidney A. Freudenstein instituted a rule against the American Surety Company of New York to show cause why two lots of ground located on Eastern Street in the City of New Orleans should not be decreed to be her separate property and, therefore, not subject to the recorded moneyed judgment of the Surety Company against her husband. The defense was a general denial. The trial judge held the real estate to be the separate property of the wife and free of the judicial mortgage. The Surety Company appealed.
 

 The record shows that the two lots in question were acquired only in the name of Mrs. Eva E. Winter, wife of Sidney A. Freudenstein, from Michael F. Carrano on December 6, 1922, and that both the husband and the wife signed the act of sale. There was no statement in the deed that the wife was purchasing with her separate and paraphernal funds.
 

 Mr. and Mrs. Freudenstein testified that the property was purchased with the separate funds which Mrs. Freudenstein received from her mother and that there were no community assets. The record in the Succession of Mrs. Virginia L. Emke, widow of Frank H. Winter, No. 125,525, Civil District Court, was introduced in evidence corroborating the witnesses’ testimony that Mrs. Winter, the mother of Mrs. Freudenstein, had left her daughter over $40,000 in 1918. There is also evidence tending to show that the mother gave her daughter several thousand dollars in cash before her death and that Mrs. Freudenstein owned other separate property.
 

 
 *315
 
 Mr. and Mrs. Freudenstein were married in March, 1914, and the husband only-had a fair salary income, which did not go toward the payment of the different pieces of property purchased by the wife. In 1919, the property located on Josephine Street was adjudicated in the Succession of Mrs. Freudenstein’s mother at public auction to Mr. and Mrs. Freudenstein and was placed of record in their names jointly. Both the husband and the wife testified that the purchase price of this property, i. e., $7,300, was paid with the cash which Mrs. Freudenstein had received from her mother and which had been kept in her bank box. In 1922, Mr. and Mrs. Freudenstein sold the Josephine Street property to Mr. Carrano for $12,800, Carrano paying her $12,200 cash, and for the remainder of the purchase price, deeded to Mrs. Freudenstein the Eastern Street lots for the declared price of $600. While the husband also signed this act of sale, the property was taken in the name of the wife alone.
 

 In 1934, the firm of Noble & Salter, of-which Mr. Freudenstein was a member, failed and Mr. Freudenstein became indebted to the American Surety Company for several thousand dollars. In 1936, the Surety Company reduced this debt to a judgment and recorded it in the mortgage office. In 1939, Mrs. Freudenstein agreed to sell the Eastern Street property to a prospective purchaser and upon obtaining a mortgage certificate in her name found the judgment of the Surety Company against her husband reported thereon as an encumbrance against the property. The present proceeding followed.
 

 In the case of Kittredge v. Grau, 158 La. 154, 103 So. 723, it was held that where a married woman buys immovable property in her name and it is not declared in the act of sale that the property was purchased with her separate funds, she may assert and prove as a fact that the real estate was bought with her paraphernal funds. There is no countervailing proof that the lots in question were not purchased with the wife’s separate and paraphernal funds. Counsel for the appellant argues that the witnesses’ statements that $7,300 was kept in Mrs. Freudenstein’s bank box and not in a bank account cast such suspicion on the transaction that their testimony should be disbelieved. On the other hand, counsel for the appellees pointed out that there is no law requiring people to keep their funds in bank accounts and prohibiting them from placing cash in bank boxes. Unless there is some duty for persons to account for their cash receipts and disbursements to someone else, there is no reason why an individual should make a written record of these matters. It is said that as bank deposits are guaranteed there is no element of risk and consequently no necessity for placing funds in bank boxes. Bank deposits are guaranteed by federal insurance up to $5,000 and if there were not some element of risk, accounts would have an unlimited guarantee as to amounts. Furthermore, there is nothing to show that bank accounts were insured from 1918 to 1922 when the sales were made. In any event the uncontradicted testimony of the husband and wife is corroborated by the documentary evidence and fully supports the trial judge’s conclusion.
 

 
 *317
 
 Counsel for the Surety Company finally contends that as the property on Josephine Street was acquired in the name of both spouses in 1922, it unquestionably belongs to the community of acquets and gains, as the couple had been married since 1914, and, as the lots on Eastern Street were declared to represent $600 of the $12,800 purchase price of the Josephine Street real estate, the Eastern Street property was, therefore, community property, citing Tally v. Heffner, 29 La.Ann. 583; Young v. Arkansas-Louisiana Gas Co., 184 La. 460, 166 So. 139; Fontenot v. Stark et al., La.App., 185 So. 77; Whittington et al. v. Heirs of Peques, 165 La. 151, 115 So. 441, and Carlton v. Durr et al., 9 La.App. 269, 120 So. 124. The fallacy of this position lies in the fact that the Josephine Street property was sold to Carrano in 1922, or practically 12 years before Mr. Freudenstein became the debtor of the Surety Company in 1934. Whatever the rights of the Surety Company might have been against the Josephine Street property, if it had been a creditor at the time the property was in the names of Mr. and Mrs. Freudenstein, is of no moment, because the Surety Company is not claiming any rights against that property but asserts its rights against the Eastern Street lots which stand in the wife’s name alone. The Surety Company is charged with knowledge of the public records when it became a creditor of Mr. Freudenstein in 1934, and therefore it knew that the Eastern Street property was in the wife’s name only and that the title thereto was open to proof as to paraphernality of the funds through which it was acquired. Consequently, there can be no claim of prejudice to form the basis; for an estoppel against the wife. She did nothing to mislead the Surety Company. Further, the unrefuted evidence in the-record shows that the Josephine Street property was acquired with Mrs. Freudenstein’s separate funds. Surely, she was. not barred from offering this evidence for the reason that the Surety Company makes no claim against the Josephine Street property which she had previously sold and, of course, the Surety Company was in no way prejudiced or placed at disadvantage by the prior transaction.
 

 For the reasons assigned, the judgment appealed from is affirmed.