16 So.2d 904

JONES et al. v. DEESE et al.

No. 37032.

Jan. 3, 1944.

Rehearing Denied Feb. 7, 1944.

B. F. Roberts, of Shreveport, W. T. Holloway, of Jonesboro, and Robert H. Wimberly, of Arcadia, for plaintiffs-appellants.

Truett L. Scarborough, of Ruston, for defendants-appellees.

O'NIELL, Chief Justice.

This is a suit to annul a sale of sixteen acres of land in the corporate limits of the Town of Jonesboro, Louisiana, and to have the land adjudged to belong to the matrimonial community heretofore existing between J. A. Jones, now deceased, and his wife, Mrs. Amerson Carlton Jones. The suit was brought by the administrators of

the succession of J. A. Jones. The land was bought by and in the name of Mrs. Amerson Carlton Jones from R. A. Carson on the 11th day of April, 1912, when Mrs. Jones was the wife of J. A. Jones. They were married sometime previous to the year 1880, and he died on April 2, 1940. The sale which the administrators of the succession of J. A. Jones are attacking was made by Mrs. Amerson Carlton Jones to George Dewey Deese and his wife, on January 22, 1940. It was filed for record on April 23 and was recorded on April 24, 1940. The deed purports to be a sale by "Mrs. Amerson Jones and husband, J. A. Jones". The administrators of his succession aver that, so far as his half interest in the community property was concerned, the sale was null, for the reason, first, that he was mentally incapacitated at the time, and, in the alternative, that there was no price or consideration paid for the property, and, in that connection, that the transaction was null even as a donation because the deed was not actually signed in the presence of the notary public before whom it purports to have been signed. Again in the alternative, the administrators aver that, if the price stated in the deed was paid, it was less than half of the value of the property, and hence that the sale should be rescinded for lesion beyond moiety, under articles 1861 and 2589 of the Civil Code.

The judge of the district court, after a trial of the case on its merits, rejected the demands of the administrators and dismissed their suit. They are appealing from the decision.

It is conceded by the appellants, of course, that if the property in contest was paid for by Mrs. Amerson Carlton Jones with funds belonging to her separately, and under her separate control or administration, the succession of her husband has no interest in the property and the administrators therefore have no right of action to question the validity of the sale made by Mrs. Jones to George Dewey Deese and his wife on January 22, 1940.

The deed dated April 11, 1912, by which Mrs. Jones bought the land from R. A. Carson, does not contain the recital that Mrs. Jones was buying the land as her separate or paraphernal property or that the price was paid with her separate or paraphernal funds, under her separate administration. The administrators therefore rely upon the presumption stated in article 2402 of the Civil Code, that property bought by either member of a married couple during the existence of the matrimonial community is presumed to belong to the community, even though the purchase was made in the name of only one of the parties.

In this case the purchase was made by and in the name of Mrs. Jones, and it was recited in the deed not only that the land was sold to Mrs. Amerson Jones but also that the price or consideration, being $350, was paid to the seller by Mrs. Jones. Her husband signed the deed not as a purchaser of the land but as one of the two subscribing witnesses. The property was assessed in the name of Mrs. Amerson Jones by the tax assessor, regularly, during the period exceeding 30 years from the time she bought the land. During the 28 years in which J.

A. Jones lived after his wife bought the land he never disputed her title. In fact there is testimony in the record by members of the family and by other witnesses, that J. A. Jones verbally acknowledged his wife's ownership of the land whenever an occasion arose in which he might have asserted ownership in himself or denied his wife's title. A witness who had rented and cultivated the sixteen acres of land of Mrs. Jones for 8 years, and at the same time had rented another tract from her husband, testified that in his renting of the sixteen acres of land J. A. Jones acted as the representative of his wife; and that in his transactions with regard to the cutting of wood on the sixteen acres of land, and with regard to the constructing of a road across the land, J. A. Jones represented his wife and obeyed and conveyed her instructions; and that when the rent was paid to the bank it was deposited separately, the rent for the sixteen acres being credited to Mrs. Amerson Carlton Jones and the rent for the other tract being credited to the account of J. A. Jones.

Mrs. Amerson Carlton Jones testified that the $350 which she paid to R. A. Carson as the price of the sixteen acres of land was given to her by her father, W. F. Carlton, before she was married; and that she kept the money hidden, part of the time buried, but always under her exclusive control, until she parted with it as the price of the sixteen acres of land. The only corroboration of Mrs. Jones' testimony in that respect—if it may be considered corroboration—is the proof that her father was financially able to make such a donation to her. In fact it appears that he bought 80 acres of land

with his own funds and deeded it to his daughter, Amerson, without receiving any price or consideration from her. Whatever suspicion may arise from the statement of Mrs. Jones that she kept the money which her father gave her hidden—and for a time buried—is lessened by the fact that her place of residence was very remote from any banking institution. We must bear in mind that the money was given to her before she was married and that she was married previous to the year 1880; that is, more than 60 years before the time of the trial of this case. It is not incredible that at that time a woman in the position and place of residence of Mrs. Jones would keep as much as $350 hidden, instead of depositing it in a bank. R. A. Carson, from whom Mrs. Jones bought the sixteen acres of land, died before this suit was filed. He was a son-in-law of J. A. Jones and Mrs. Amerson Carlton Jones, having married their eldest daughter, who afterward married R. E. Bayes. Mrs. Bayes testified, as a witness in this case, that she was present when her husband, R. A. Carson, sold the sixteen acres of land to her mother, on April 11, 1912, and that her mother brought the money to the Carson house where the sale was passed and paid the price to Carson. Mrs. Bayes was under the impression that the price was $200, but, whatever the price was, it was paid in cash by her mother to her husband.

We concur in the opinion of the district judge that the testimony of Mrs. Amerson Carlton Jones is sufficiently corroborated to offset the presumption that the sixteen acres of land was bought with community funds

and not with the separate funds of Mrs. Jones. To hold otherwise would characterize her testimony and that of her daughter, Mrs. Bayes, as perjury. There is nothing in the record reflecting upon the character of either of these women for honesty or truthfulness.

The judgment is affirmed.