MOISE,- Justice.
 

 Mrs. Marie Comeaux Guilbeau brings this suit against the children and grandchildren of Adraste Guilbeau, her second husband, now deceased, seeking to have 40% arpents of land together with all improvements situated in Acadia Parish, purchased during the time that she was married to. Adraste Guilbeau, declared to be her separate and paraphernal property. She alleged that until the question was judicially determined, there would bé a cloud upon her title. From a judgment in favor of the plaintiff, the defendants have appealed.
 

 Adraste Guilbeau was married twice, the first marriage being to Catherine Laura Robin, from which union eleven children were born. His second marriage was to Mrs. Marie Comeaux on October 16, 1923, and no children were born of this marriage.
 

 Mrs. Marie Comeaux Guilbeau was married three times. Her first husband was Josiah Johnson, who died in 1912, nine children being born of this union. Her-second- marriage was to Adraste Guilbeau, who died on February 4, 1938, and her third husband was. Numa Richard, from whom she is presently living separate and apart. There was no issue of her second and third marriages;-
 

 A curator ad hoc was appointed to represent the minors, and he prayed in their behalf that the plaintiff’s suit be dismissed or the court render a judgment which it deemed proper. The other defendants answered, averring that the property belonged to the community which existed between plaintiff and her second husband, Adraste Guilbeau. They prayed for an accounting and for a partition by licitation. Three of the major defendants, Burton Guilbeau, Mrs. Catherine Laura Guilbeau Thibodeaux and Moise Guilbeau, filed answer claiming that they were conversant with the facts and admitted that they had no interest in the property, submitting the matter to the court for its determination. Judicial admissions are the highest evidence against a litigant, but the record discloses that these three litigants joined in this appeal.
 

 Plaintiff’s father donated to her on February 7, 1888, one hundred arpents of land in St. Landry Parish. Plaintiff has lived on this property continuously.
 

 On July 2, 1930, Mrs. Guilbeau, while married to Adraste Guilbeau, purchased the property herein involved — a certain tract of land described as containing 40% arpents together with all improvements situated in Acadia Parish. The act recites that the vendor delivers the property to:
 

 “Mrs. Marie Comeaux, who declares that she has been twice married, that her last husband, Adraste Guilbeau, is
 
 *842
 
 still living and abides with her, residents of St. Landry Parish, Louisiana.
 

 “Here present purchasing and accepting for herself, her heirs, and assigns, and acknowledging delivery and possession thereof, the following described property, to-wit:”
 

 Signed: “Mrs. Marie (her x mark) Comeaux.”
 

 The defendants contend that this purchase was made with community funds, and that the property therefore belonged to the community which existed between their father and Mrs. Guilbeau. The latter urges that she used her separate and paraphernal funds for the initial payment, and consequently the property became her separate property.
 

 Article 2402 of the LSA-Civil Code provides that all purchases of real property made during the existence of the community are presumed to be for the community. It is incumbent upon plaintiff to rebut this presumption. She is permitted by law to do this by offering parole evidence. The rule is admirably set forth in the case of Kittredge v. Grau, 158 La. 154, 103 So. 723, 728, to the effect:
 

 “With regard to real estate, it is well settled that, when a married man, under the regime of the community, buys property with his separate funds, and takes the title in his name, unless the deed contains a statement to the effect that the purchase is made with his separate funds, the property will belong to the community, and the community, at its dissolution, will owe his separate estate for the price which he paid. It is not so with regard to a married woman. The law has zealously guarded her interest against that of her husband or his creditors. When she buys property in her own name, it is not necessary to declare in the deed that it is bought with her separate funds. She may assert and prove the fact whenever it is questioned. But, when a married man buys property in his name, without a stipulation in the deed that it is bought with his separate funds, the presumption in favor of the community is juris et de jure.” See, American Surety Co. of New York v. Noble & Salter, 196 La. 312, 199 So. 131; Cameron v. Rowland, 215 La. 177, 40 So.2d 1; Slaton v. King, 214 La. 89, 36 So.2d 648.
 

 The above rule is repeated and ratified in the Succession of Farley, 205 La. 972, 18 So.2d 586, 588, as follows:
 

 “The testimony of Mrs. Elizabeth Koenig Farley was not given for the purpose of establishing or creating a title to real estate. The purpose and effect of the testimony was merely to offset the presumption arising from the. provision in the Civil Code that the tL tie to property bought during the matrimonial community, in the name of ei
 
 *844
 
 ther of the spouses, is thereby 'vested in the community. When the title, in such an -instance, is taken in the name of the husband, without a declaration in the deed that it is bought with his separate funds and as his separate property, the presumption that the title is vested in the community is juris et de jure, and thereafter cannot be contradicted by him to the prejudice of his wife or of her heirs. But it is not so with regard to a purchase made in the name of the wife, by a deed in which there is no declaration as to whether the property is bought with her separate funds under her separate control, and as her separate and paraphernal property. In süch a case she may at any time after-wards prove, even by parol evidence, if it be true, that the purchase was made with her separate or paraphernal funds, under her separate control, and as her separate or paraphernal property. Succession of Rouse, 144 La. 143, 80 So. 229; Rodriguez v. Succession of McFettridge, 156 La. 111, 100 So. 68; Succession of Watkins, 156 La. 1000, 101 So. 395; Kittredge v. Grau, 158 La. 154, 103 So. 723; Miller v. Miller, 160 La. 936, 107 So. 702; Tillery v. Fuller, 190 La. 586, 182 So. 683; American Surety Co. [of New York] v. Noble, 196 La. 312, 199 So. 131; Drewett v. Carnahan, La.App., 183 So. 103, in which a petition for review was denied on August 5, 1938; Smith v. Brock, La. App., 200 So. 342.”
 

 In the very recent case of Succession of Schnitter, 220 La. 323, 56 So.2d 563, 564, this Court stated:
 

 “This act of sale did not recite that the purchase price was paid with her separate funds, and the presumption under Article 2402 of our Civil Code is that it belonged to the community. This presumption, however, may be overcome by satisfactory proof by the wife or her heirs that the purchase price was paid with her separate and paraphernal funds, and that these funds were administered by her separate ánd apart from her husband and were an investment by her.” See, Succession of Lejeune, 221 La. 437, 59 So.2d 446.
 

 Mrs. Guilbeau received $900 in insurance proceeds at the time of the death of her first husband. She testified that some of this money was used for the purchase of the property herein involved. She also testified that she saved the remainder of the original and initial $2,000 cash payment for the Acadia Parish property from the fruits and revenues of her St. Landry farm. The question poised is: Were these revenues Mrs. Guilbeau’s separate property?
 

 At the time of the purchase in 1930, the Revised Civil Code, Article 2386, provided:
 

 “When the paraphernal property is administered by the husband, or by him
 
 *846
 
 and the wife indifferently, the fruits of this property, whether natural, civil, or the result of labor, belong to the conjugal partnership, if there exists a community of gains. If there do not, each party enjoys, as he chooses, that which comes to his hands; but the fruits and revenues, which are existing at the dissolution of the marriage, belong to the owner of the things which produce them.”
 

 “ * * * These rents or revenues, therefore, did not become a part of the common or community funds, and petitioners have no interest in them, or in the real estate in dispute. R.C.C. art. 2386.” Risher v. Risher, 179 La. 1, 153 So. 1, 2; Guss v. Mathews, 179 La. 1033, 155 So. 765.
 

 A review of the individual testimony of this record is unnecessary because of the conclusiveness of the facts stated. At all times during Mrs. Guilbeau’s second marriage, she had the administration of her farm. Farm purchases were ratified and recommended by her. She received one-third of crop proceeds. She handled her own banking. She paid her own debts. She made her own loans. Her three stepsons worked on the farm, but they had nothing to do with its administration. Mr. Guilbeau helped in a small way, but he never administered. In fact, no reduction of the balance due on the principal was paid while he was living under the same roof with Mrs. Guilbeau on the property which she inherited from her father. Mr. and Mrs. Guilbeau only lived together two years after the purchase of the Acadia Parish property. “The old lady” had all the say. She was the boss of the St. Landry plantation and also boss of the 40% arpents. Therefore, under Article 2386 of the LSA— Civil Code, said article having now been amended by Act 286 of 1944, the fruits and revenues of the St. Landry farm did not fall into the community of acquets and gains of Mr. and Mrs. Guilbeau.
 

 With respect to the deferred payments, Mrs. Guilbeau had the expectancy of hey St. Landry farm and, in addition, the newly acquired property, which property was sufficient security for the credit balance due.
 

 It is also persuasive that when Mr. Guilbeau’s succession was opened this Acadia Parish property was not included as an asset by the present defendants.
 

 The case of Betz v. Riviere, 211 La. 43, 29 So.2d 465, 472, makes the following statement:
 

 “Under our community system of law all property acquired by either spouse during the existence of the marriage is presumed to fall into the community of acquets and gains and to overcome this presumption the wife claiming the property in her own name to be her separate property must establish (1) the paraphernality of the funds used
 
 *848
 
 for the purchase; (2) her individual administration of the property; and (3) that the money was invested by her. In the event, the.purchase is made on credit, she has the further, burden of establishing (4) that she • not only made the down payment out of her separate and paraphernal funds, but that she had sufficient separate revenues and funds to make the purchase with reasonable certainty of being able to meet the deferred payments. Stauffer, Macready & Co. v. Morgan, 39 La.Ann. 632, 2 So. 98; Succession of Burke, 107 La. 82, 31 So. 391; Fortier v. Barry, 111 La. 776, 35 So. 900; Houghton v. Hall, 177 La. 237, 148 So. 37, and Montgomery v. Bouanchaud, 179 La. 312, 315, 154 So. 8.”
 

 We submit that Mrs. Marie Comeaux Guilbeau has met all of the requirements and has effectively rebutted the presumption of community.
 

 For the reasons assigned, the judgment of the district court in favor of Mrs. Marie Comeaux Gilbeau decreeing the property described in her petition to be her separate and paraphernal property to which she is entitled to full and complete ownership is affirmed; The judgment awarding a fee to the curator representing the minors is also affirmed. All costs to be paid by defendants. Judgment affirmed.