AYRES, Judge.
Plaintiff, as the surviving widow of Mack Joseph, deceased, instituted this action to have decreed her separate and paraphernal property three tracts or parcels of real estate situated in Winn Parish, Louisiana.
Joseph was first married to plaintiff’s sister and of that union five children survive. That marriage, however, was dissolved by the wife’s death in 1920, after which, in 1924, Joseph and plaintiff were married, and of their marriage three children were born. Joseph died on March 27, 1946, leaving plaintiff as his surviving widow and partner in community and the aforesaid eight children, who were made defendants herein, as his sole and only heirs.
Plaintiff’s contention is that the properties were purchased by her with her separate and paraphernal funds, administered separately and apart from her husband and likewise invested by her and, therefore, that the lands constituted her separate and paraphernal property.
No appearance was made by the three defendants, issue of plaintiff’s marriage. The other five defendants, however, assert that the property was purchased, although in the name of plaintiff, with community funds of the community of acquets and gains formerly existing between their father and plaintiff, or, in the alternative, if said purchases were made with separate funds of plaintiff, that such funds had become comingled with community funds. Therefore, even in that alternative, it was contended the property constituted assets of the community, a, half interest in which in either event would have been inherited by defendants from their father.
From a judgment sustaining plaintiff’s petition and recognizing her separate and paraphernal ownership of the property, the defendants who appeared have appealed.
To sustain the judgment, plaintiff relies upon the evidence offered as supporting her position that the property was purchased by her individually as her investment from her separate and paraphernal funds, controlled and administered separately and apart from her husband. Defendants rely upon the presumption that all property purchased during marriage in the name of either spouse is community property.
The first of the properties consists of 75 acres purchased by plaintiff at sheriff’s.sale July 2, 1938. From the record it is established that prior to plaintiff’s marriage she had, by her own labor and employment as a clerk in a store at $25 per week, subsequently as an employee at the Central Louisiana State Hospital at $35 per month, and later *550 by the operation of a country store, accumulated funds of no inconsiderable amount, portions of which she either lent or delivered to her mother for safekeeping. Eventually the funds lent or delivered to the mother equalled or exceeded $2,000, for which the mother executed her note December 26, 1925, payable to plaintiff and secured by a mortgage on the aforesaid tract.
Plaintiff, in her own name, instituted ex-ecutory proceedings against said property to enforce payment of the aforesaid indebtedness and, pursuant to that proceeding, said property was sold to plaintiff at sheriff’s sale for $800, as evidenced by a deed dated July 2, 1938. Plaintiff’s testimony as to the separate and paraphernal character of the funds lent by her to her mother is supported by a bank deposit book showing funds deposited with the Rapides Bank & Trust Company and by letter from W. F. Taylor Company, a wholesale firm, showing she was engaged in the mercantile business and operated a grocery store prior to her marriage. Bank statements evidenced the fact that the business was in all probability a profitable undertaking. Additionally, the testimony of a timber contractor was offered. This witness testified that plaintiff had the active administration of the aforesaid land and on his purchase of the timber thereon all negotiations were with plaintiff exclusively. Plaintiff, according to his testimony, even supervised the cutting of the timber. In instances where the witness purchased timber from Mack Joseph on lands owned by him, the negotiations were entirely with Joseph himself.
The testimony offered by defendants had reference to the repair of a residence and the erection of a store purportedly on the 75-acre tract, the expense of which was said to have been paid by Joseph, which, however, was at a time when the property was owned by his mother-in-law and before his marriage to plaintiff. The source of the funds for making the expenditures was not shown. No importance can be attached to this testimony as having any bearing upon the issues presented for resolution in this cause. It is likewise of no material importance that Joseph may have furnished supplies to one or two farmers in their farming operations.
The second tract, a 50-foot square lot, was purchased by plaintiff from Mrs. Minnie Phelps on November 13, 1935, for $55 and the third, a 10-acre tract, was purchased from T. O. Dean on October 22, 1940, for $50 cash. Plaintiff accounts for the purchase price of these tracts from funds inherited from an aunt who died in Kentucky. Supporting her testimony as to the acquisition of these funds, plaintiff offered letters from attorneys in Kentucky, who were apparently representing the heirs of the decedent.
We are convinced, from our review of the record, of the correctness of the conclusions reached by the trial court that plaintiff had available separate and paraphernal funds with which to purchase the aforesaid properties and that such purchases were made by her from these funds, administered separately and apart from her husband without his aid or assistance.
In addition to the factors hereinabove recited, this view is supported by an eviction suit filed against one Gus Antee in 1942 to evict him from a house located on the 10-acre tract. The action was brought by plaintiff, alleged to have been aided and represented by Mack Joseph, her husband, and the affidavit to which signed by him recited that he was the agent of his wife. This is persuasive as an admission by Joseph as to his wife’s ownership of the property.
The record likewise supports the correctness of the trial court’s observation:
“The Court knows Mrs. Joseph to be a very frugal woman — one who has perhaps saved a good part of every dollar that she ever received and she showed a remarkable memory of de *551 tails which are substantiated in part by old letters, bank statements, deposit books and cancelled checks.”
Appropriate to the issues is a very recent statement of this court in Butler v. Burks, 99 So.2d 180, wherein Judge Glad-ney, as the author of the opinion, stated:
“The determination of the community or paraphernal status of property claimed through or by one of the spouses has repeatedly received the consideration of the appellate courts of this state, a fact disclosed in the reported decisions. From the jurisprudence certain legal principles have been firmly established which are uniformly recognized by the bench and bar. It is no longer subject to serious question that the status of the property is fixed at the time of its purchase, and where it was acquired during the existence of the community, the presumption is that it is community property. L.S.A.-Civil Code articles 2399, 2402 and 2405. The presumption so created, however, can be overcome upon proper proof, the requirements of which were pronounced in Betz v. Riviere, 1947, 211 La. 43, 29 So.2d 465, 472, wherein the Supreme Court set forth the following rules:
“ ‘Under our community system of law all property acquired by either spouse during the existence of the marriage is presumed to fall into the community of acquets and gains and to overcome this presumption the wife claiming the property in her own name to be her separate property must establish (1) the paraphernality of the funds used for the purchase; (2) her individual administration of the property; that (3) that the money was invested by her. * * * ’
“The foregoing pronouncement was recently approved in the Succession of Franek, 1954, 224 La. 747, 70 So.2d 670, 675. The legal presumption arising from Code Article 2405 is so strong that under Article 2287 all other proof in favor of the party for whom it exists is dispensed with and the presumption can only be rebutted by evidence of the clearest character. Succession of Manning, 1922, 150 La. 1008, 1012, 91 So. 435; Cameron v. Rowland, 1949, 215 La. 177, 40 So.2d 1, 5.”
See also Kittredge v. Grau, 158 La. 154, 103 So. 723; Houghton v. Hall, 177 La. 237, 149 So. 37; American Surety Co. of New York v. Noble & Salter, 196 La. 312, 199 So. 131; Succession of Farley, 205 La. 972, 18 So.2d 586; Guilbeau v. Guilbeau, 224 La. 837, 71 So.2d 129.
It is likewise well established in the jurisprudence of this State, as evidenced by the holdings in the aforesaid cases, that it is a matter of no importance or consequence that no recital is made in an act of conveyance, where the wife is a purchaser, that the purchase is made with her separate and paraphernal funds. The law is zealous in guarding her interests against those of her husband and/or his heirs and his creditors. She is permitted to assert and establish that the property is her separate and paraphernal property whenever and wherever that fact is questioned.
The purpose and effect of plaintiff’s testimony and evidence offered by her was merely to offset and overcome the presumption arising from the provisions in the Civil Code that the title to property bought during the matrimonial community in the name of either of the spouses is thereby vested in the community. The testimony offered is, in our opinion, of such positive nature and clear character as to overcome the presumption that the property purchased became an asset of the community estate.
Accordingly, the judgment appealed is affirmed at appellants’ costs.
Affirmed.