111 So.2d 752

**Julia SIROCKA, wife of Charlie R. GRAVES,**

v.

**UNITED STATES RUBBER COMPANY et al.**

No. 43759.

March 23, 1959.

Rehearing Denied June 1, 1959.

Clarence F. Favret, Clarence F. Favret, Jr., New Orleans, for defendant-appellant.

Graham & Graham, by Louis B. Graham, New Orleans, for plaintiff-appellee.

SIMON, Justice.

On May 28, 1957, Mrs. Julia Sirocka, wife of Charlie R. Graves, filed this suit against United States Rubber Company and the Civil Sheriff for the Parish of Orleans seeking to enjoin the sheriff from selling or otherwise disposing of an immovable located in the City of New Orleans, on Chef Menteur Highway, which plaintiff claims to be her separate property, in order to satisfy a judgment in the amount of $8,-120.38, plus interest and attorneys' fees, previously obtained by United States Rub-ber Company against plaintiff's husband, Charlie R. Graves.

After hearing the evidence, the trial court recognized the property to be plaintiff's separate and paraphernal property, and accordingly, permanently enjoined the sheriff from seizing or selling it to satisfy United States Rubber Company's judgment against plaintiff's husband. United States Rubber Company has appealed, contending that the property belongs to the community of acquets and gains existing between plaintiff and her husband, and is, therefore, subject to seizure and sale for the husband's debts.

The facts as found by the trial judge and established by the record are as follows:

In 1941 plaintiff, whose first husband was Herbert M. Homes, Jr., became a widow. Prior to and during her widowhood, she successfully operated a trailer sales business on leased premises on Chef Menteur Highway, known as Homes Trailer Sales Company. On April 27, 1946, plaintiff married Charlie R. Graves, an Army Staff Sergeant, who had no property other than his monthly sergeant's salary of some $87.00. Before the marriage Graves executed, in plaintiff's presence and before her attorney, an affidavit to the effect that plaintiff's trailer sales business was to remain her separate and paraphernal property under her management and control. At the time of her marriage to Graves, plaintiff had accumulated assets worth in excess of $12,000 in the form of cash and unsold trailers. On December 8, 1947, some

19 months after her marriage to Graves, and while she was continuing to operate successfully the trailer sales business, plaintiff acquired in her own name the subject property for $8,000, $4,000 cash and the balance payable in four equal annual installments secured by mortgage on the property. The authentic act of sale, which was duly recorded, and in which Graves intervened and acquiesced, recited that she was purchasing the property for her separate estate with paraphernal funds acquired prior to her marriage to Graves which have been under her separate control and maintenance since the marriage and incorporated by reference the aforesaid affidavit of Graves. The act of sale further recited:

"The said Julia Sirocka Graves, now wife of Charles Graves, before her marriage to Charles Graves, was in business under the trade mark name of Homes Trailer Sales Co., that she is still in business under that said name; and that property herein acquired or purchased by her is paid for with her own separate and paraphernal funds, Four Thousand ($4,000.00) Dollars in cash which she earned and saved be-

fore her marriage to said Charles Graves, and the balance of purchase price which is Four Thousand ($4,-000.00) Dollars, is to be paid out of her own separate and paraphernal funds which will be the earnings of her said business known as Homes Trailer Sales Co., which business is owned and operated by her, under her own management and administration."

Other than the above, no written instrument reserving to plaintiff the fruits of her paraphernal property in accordance with LSA–C.C. Article 2386 [1] was executed or filed for record.

Before and after her marriage to Graves plaintiff maintained a separate bank account in her name alone and under her sole control in which she deposited the proceeds from the sales of trailers. This account remained continuously active from 1942 until 1957. It was on this bank account that she drew the checks in payment of the subject property, both the initial $4000 payment and the four annual deferred payments, the last of which was made December 8, 1951. Moreover, a joint checking account on which both plaintiff and her

1. LSA–Civil Code Article 2386.

"The fruits of the paraphernal property of the wife, wherever the property be located and however administered, whether natural, civil, including interest, dividends and rents, or from the result of labor, fall into the conjugal partnership, if there exists a community of acquets and gains; unless the wife, by written instrument, shall declare that she reserves all of such fruits for her own separate use and benefit and her intention to administer such property separately and alone. The said instrument shall be executed before a Notary Public and two witnesses and duly recorded in the Conveyance Records of the Parish where the community is domiciled."

husband could draw was maintained in another bank.

According to plaintiff's undisputed testimony, at the time she purchased the subject property, the capital assets of the business were the same, if not in excess of, what they were when she married Graves. Moreover, the trailer sales business continued successfully under her management without interruption until after the last installment payment was made on the subject property, with gross earnings of some $600 per month.

It is the contention of United States Rubber Company that plaintiff has failed to comply with LSA–C.C. Article 2386, that as a result of such failure all earnings of the trailer sales business, whether or not solely managed by the plaintiff, fell into the community, and that the subject property was paid for with funds derived from the profits of this business and was therefore community property.

In answer to this, plaintiff contends that her above recited declaration contained in the authentic act of sale in which she acquired the subject property was a substantial compliance with the requirements of Article 2386 sufficient to make the earnings of the business her separate property and that the filing for record of this act in the Orleans Parish Conveyance Office sufficiently fulfilled the recordation requirement, because the excerpt of the act copied in the conveyance office book contained a notation that the property was purchased with plaintiff's separate and paraphernal funds although it did not contain the above quoted declaration itself.

■ Whether the above quoted declaration and recordation of the act containing it constituted a compliance with the requirements of LSA–C.C. Article 2386 is immaterial to the decision of this case because it is clear that funds derived from capital assets owned by plaintiff prior to her marriage, and not earnings, were used to purchase the property.

The evidence clearly demonstrates that the $4000 cash payment which plaintiff made at the time of purchase of the subject property was derived from capital assets accumulated by her prior to her marriage to Graves, and that she had sufficient paraphernal assets on hand to discharge the $4,000 credit portion. She testified, and this is uncontradicted, that not only did she have more than $12,000 in cash and trailers accumulated at the time of the marriage, but also that at the time of the sale, the business was still being successfully operated, and she had as much if not more, in capital assets of the business as she did at the time of her marriage, and could have paid the entire purchase price out of such capital assets, but did not want to limit her working capital.

That the plaintiff continued to operate the business just as successfully after her

marriage to Graves as before, earning an average of $600 gross per month, is not disputed and this substantiates her testimony that the $12,000 in capital assets on hand at the time of the marriage had not been dissipated in any way at the time of the sale some nineteen months later.

■ United States Rubber Company argues further that the evidence shows that all of the proceeds of the plaintiff's trailer sales business, including profits as well as return on capital, were deposited in the account on which she drew the checks in payment of the subject property, and that these profits, belonging to the community, worked a metamorphosis of the entire bank account from the plaintiff's separate property into community property. Assuming arguendo that the profits of the business did belong to the community, the bank account in plaintiff's name which was separate at the time of the marriage, over which she maintained sole control at all times and which contained funds representing capital of the business accumulated prior to her marriage, was not changed to community status by the deposit of such profits. The mere mixing of separate and community funds in the same account does not of itself convert the entire account into community property and does not prevent tracing of separate funds with sufficient certainty to establish separate ownership of specific property paid for by checks on the account.

Betz v. Riviere, 211 La. 43, 29 So.2d 465; 27 Tulane Law Review 143, 175, 207.

■ The following expression of the Court in Fortier v. Barry, 111 La. 776, 35 So. 900, 901, sets forth the established jurisprudence with reference to property purchased during the marriage but claimed to be separate:

"The presumption of law is that property purchased during the existence of the community, whether in the name of the one or the other of the spouses, belongs to the community, and, where the wife claims it as separate estate, the burden rests on her to establish, by proof dehors the recitals of the act by which it has been acquired, (1) the possession of some paraphernal funds under her administration, and available for investment, (2) that the cash portion of the price bears such a relation to the whole as to make the property purchased sufficient security for the credit portion, and (3) that her paraphernal property and revenues are such as to enable her to make the purchase with reasonable expectation of meeting the deferred payments."

The requirements of proof applicable to the instant case were also well expressed in Betz v. Riviere, supra [211 La. 43, 29 So.2d 472], thus:

"Under our community system of law all property acquired by either

spouse during the existence of the marriage is presumed to fall into the community of acquets and gains and to overcome this presumption the wife claiming the property in her own name to be her separate property must establish (1) the paraphernality of the funds used for the purchase; (2) her individual administration of the property; and (3) that the money was invested by her. In the event the purchase is made on credit, she has the further burden of establishing (4) that she not only made the down payment out of her separate and paraphernal funds, but that she had sufficient separate revenues and funds to make the purchase with reasonable certainty of being able to meet the deferred payments." See also: Marlatt v. Citizens' State Bank & Trust Co., 180 La. 387, 156 So. 426; American Surety Co. of New York v. Noble & Salter, 196 La. 312, 199 So. 131; Byrd v. Babin, 196 La. 902, 200 So. 294; Succession of Schnitter, 220 La. 323, 56 So.2d 563; Succession of Franek, 224 La. 747, 70 So.2d 670; Guilbeau v. Guilbeau, 224 La. 837, 71 So.2d 129; Smith v. Smith, 230 La. 509, 89 So.2d 55; 26 Tulane Law Review 427, 466.

Applying these rules to the evidence in this case, we think it clearly establishes beyond any question the finding of the trial judge that the subject property was acquired by an investment of plaintiff's separate and paraphernal funds, being derived from the capital assets of her business, which were under her exclusive control and administration, and that plaintiff has effectively rebutted the presumption of community.

For the reasons assigned, the judgment of the lower court is affirmed.

Rehearing denied; HAMITER, J., dissents.

111 So.2d 756