Kerwin vs. Insurance Company.

## No. 8561.

## JOHN KERWIN ET AL. VS. HIBERNIA INSURANCE CO.

1. An insane person in incompetent to prosecute a suit either in her own behalf or as tutrix of minors.
2. A person who is neither curator nor tutor, cannot bring an insane person or minors into court, because no judgment rendered would be *res adjudicata* as to said insane person or minor.
3. Where a husband has been a party to an act of purchase of immovable property in the name of his wife, reciting that the purchase has been made with her paraphernal funds, and that the property is to be and remain her paraphernal property, neither he nor his legatees or simple heirs will be permitted to contradict such recitals or go behind the deed. Creditors and *forced heirs* alone can do so, and the latter only to the extent of their légitime, and for the purpose of protecting the same. 31 An. 124; 33 An. 688; 34 An. 374; 9 An. 242; 30 An. 1036.

| 35 | 33 |
| 48 | 519 |

| 35 | 33 |
| 51 | 57 |
| 51 | 63 |

| 35 | 33 |
| 110 | 107 |
| 110 | 354 |
| 111 | 409 |

| 35 | 33 |
| f119 | 690 |

A PPEAL from the Civil District Court for the Parish of Orleans. *Righior*, J.

### *B. R. Forman* for Plaintiffs and Appellants:

1. An immovable bought during existence of the community of acquets and gains, between husband and wife, becomes community property, no matter in whose name the purchase is made, (C. C. 2335 and 2402) and on husband's death, becomes half the property of widow and half the property of their children, and where there are minors, who can only accept with benefit of inventory, the widow cannot validly mortgage any particular immovable. Cestac vs. Florane, 31 An 493; Sentamant vs. Soulé, 33 An. 609 ; Kerwin vs. Hibernia Ins. Co., 23 An. 312.
2. A person notoriously insane cannot make a valid contract, even if not interdicted. C. C. 1782 (1775,) 402 (395,) 1783 (1781.)

### *T. Gilmore & Sons* for Defendant and Appellee:

1. In a suit by the heirs of the father to establish the community nature of property upon which third parties have acquired rights based upon the act of purchase by the wife, assisted by the husband, containing the declaration that the purchase is made with paraphernal funds, the question is one of estoppel. Stewart vs. Mix, 30 An. p. 1040; Ib. p. 51; Blanchard vs. Allain, 5 An. 567; Armorer vs. Case, 9 An. 242; Broom's Legal Maxims, pp. 206-7, §§ 218, 220.
2. A man confers no better title than he has, and his heir takes it with the qualifications and limitations with which he has affected it. A presumption of fraud upon the heir will not flow from such acts. Whatever estops the ancestor estops the heir. Broom's Legal Maxims, p. 452, § 557 and authorities cited. Barbet vs. Roth, 16 An. 271.
3. A plaintiff cannot plead her own insanity.

The opinion of the Court was delivered by

FENNER, J. In 1867, during the existence of the community between Honora Kerwin and her husband, Michael Kerwin, a piece of immovable property was acquired in the name of the former by a deed to which her husband was a party, and which contained the formal recitals that the purchase was made with the wife's " own funds which she acquired by inheritance from her late father and mother," and that " the property is to be and remain her paraphernal property."

Michael Kerwin died in 1868. In 1873, the widow, Honora Mansfield, accompanied by her daughter of age, Kate Kerwin, called at the office of the defendant Company to make application for a loan upon mortgage of this property.

Subsequently in that year, the mortgage was executed by Honora Mansfield, and the loan was made. Her major son, John Kerwin, was present at the confection of the mortgage, and the check which was given for the larger part of the loan was collected by him upon his endorsement.

The note given for the loan not having been paid at maturity, the defendant Company obtained executory process under which the property was sold in 1875, and adjudicated to the defendant.

The sheriff being about to place the purchaser in possession, the present plaintiffs brought this suit, the objects of which, are : 1st, to enjoin the putting in possession ; 2d, to annul the mortgage and the proceedings and sale in execution thereof; 3d, to have the property decreed to belong to the plaintiffs.

The substantial grounds of the proceedings, are : 1st, that the purchase of the property in the name of Honora Mansfield was truly made with community funds, and the property belonged to the community ; 2d, that the note and mortgage executed by Honora Kerwin were null because of her notorious insanity at the time.

Who are the plaintiffs ?

The petition is entitled : " the petition of John Kerwin and of Kate Kerwin, heirs of age of the late Michael Kerwin, herein appearing in their own behalf and in behalf of their minor brothers. and sisters (named) and in behalf of their mother, Honora Mansfield, wife of Michael Kerwin, who is of unsound mind and incapable of taking care of herself, and also of said Honora Mansfield, as natural tutrix of said minors and individually."

We are left in doubt whether it is intended to present Honora Kerwin, individually and as tutrix, as herself a petitioner, or whether John and Kate Kerwin only appear in her behalf. But this is of little consequence.

Two propositions are self-evident : 1st, that Honora Mansfield, if of unsound mind, as alleged, is incompetent to prosecute a suit either in her own behalf or as tutrix; 2d, that John and Kate Kerwin, being neither curators of the alleged insane person, nor tutors of the minors, have no capacity to bring them into court. No judgment rendered herein would be *res adjudicata* as to the alleged insane mother or the minor children.

No parties plaintiff are, therefore, before us, except John and Kate Kerwin, in their own right and for their own interests.

So far as John Kerwin is concerned, he is conclusively estopped from questioning either the title of his mother or her capacity, by the facts that he was present at the confection of the mortgage and actually received the money loaned.

As to Kate Kerwin, the evidence as to what transpired at the time when she attended her mother on her first visit to the defendant, is not sufficiently clear and full to bring home to her knowledge of the purpose of the visit or an implied consent to the subsequent transaction. On a different ground, however, her action in the present case must fail.

It may now be considered as settled, that where a husband has been a party to an act of purchase of property in the name of his wife, reciting that the purchase has been made with her paraphernal funds, and establishing and constituting it as her paraphernal property, he will not be permitted, in his own interest, to contradict his own solemn assertions, and attack the title of his wife, established with his own consent and by his own act; and so his legatees or simple heirs, claiming through him, standing in his shoes, and bound, like himself, by his acts and words, are equally debarred. Drumm vs. Klenman, 31 An. 124; Heirs of Compton vs. Maxwell, 33 An. 688; Brown vs. Stroud, 34 An. 374; Armorer vs. Case, 9 An. 242; Stewart vs. Mix, 30 An. 1036.

Only creditors and *forced heirs* are excepted from this rule, and the latter only to the extent of their *légitime* and for the purpose of protecting the same. Outside of the *légitime*, they stand upon precisely the same footing with collateral heirs or universal legatees, having no rights *against* the decedent, but only rights derived from him and which he himself, if living, might assert.

It is not disputed that the doctrine settled by the above decisions finds apparent, and perhaps real, contradiction in earlier cases; but the Court has considered the subject carefully and adheres to the conclusions announced in the cases quoted.

It follows, that Kate Kerwin has no right to attack the title and mortgage of her mother, except in her capacity as forced heir, and to the extent necessary to establish and enforce her *légitime*. In the present suit she asserts no such right, but appears as simple heir only. The record presents neither the parties nor the facts essential to the settlement of such an issue. For aught that appears, she may have already received, from other sources, more than her legitimate portion.

Her rights, as forced heir, will be adjudicated when properly presented.

This case has already been before this Court twice, and decisions have been rendered, reported in 28 An. 312, and 31 An. 339. These

decisions are urged as *res judicata* upon various questions now submitted to us. The mere reading of the issues then before the Court, as stated in the opinions themselves, will show that they did not embrace the points upon which we have now decided the controversy. It is true the decision in 28 Annual contains *dicta* opposed to the doctrine we have laid down touching the rights of simple heirs to attack the declarations and acknowledgments of their ancestor; but they are manifestly *obiter* and not necessarily or properly relevant to the exceptions upon which alone the decree passed.

Judgment affirmed at cost of appellants.

Rehearing refused.