## No. 10,167.

### MARIA MAGUIRE vs. PATRICK J. MAGUIRE.

40 579
51 57
40 579
111 309
111 409

A husband who signs an act of sale of property to his wife containing the declaration that she purchases with her own separate paraphernal funds and for herself, is estopped from contesting this admission.

A wife is entitled to recover from her husband, in a suit for a settlement of the community, the proceeds of property belonging to her, used for purposes of the community.

APPEAL from the Civil District Court for the Parish of Orleans. *Houston, J.*

*J. Timony* for Plaintiff and Appellee :

A husband who has been a party to an act of purchase in which it is declared that the price belonged to the wife in her parphernal right, and that the property is to be such cannot afterwards contradict it.

*Charles Louque* and *Henry L. Lazarus* for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is a suit for a separation from bed and board for a settlement of the community and for recovery of a sum of $14,000 claimed by the plaintiff to be due her. The answer is a *general* denial.

There was judgment for the separation, with which both parties declare themselves satisfied, and which neither proposes to disturb.

The judgment further recognizes title in the plaintiff to certain real estate and her right to one thousand dollars.

From this judgment the defendant appeals.

The act of sale of the real estate was made by one Davey, in the name of the plaintiff, assisted by the defendant, her husband.

It contains the formal declaration that the Mrs. Maguire was purchasing with her own private and separate funds and as her paraphernal property *for herself*, her heirs and assigns.

The sale purports to have been made for $3000— $500 cash and the rest in two notes of $1250 each.

On the trial the plaintiff exhibited the two notes, and the defendant undertook to introduce evidence having a tendency to show title to the property in the community.

On objection by plaintiff's counsel, the Court received the testimony to show collection of certain rents by the plaintiff, with a view, no doubt, to hold her accountable for the same, in some way.

We find in the record an admission that the sale of Davey to Mrs. Maguire declares that she paid five hundred dollars of her separate and paraphernal property, that the admission is made under the advice of counsel, because the defendant signed the act and is estopped from questioning it as between himself and his wife.

Still, in the argument and in the brief, on behalf of the defendant, it is contended that the property belongs to the community.

Maguire vs. Maguire.

It therefore becomes necessary to pass upon the question of title asserted by both parties.

In the case of Kirwin vs. Hibernia Insurance Company, 35 Ann. 33, the question of estoppel was fully examined and the ruling was that, under the circumstances, which are similar to those in the present, the husband could not go behind his formal attestation.

In the matter of the succession of Dejean and of Gaudet vs. Gauthreaux, recently decided, this construction of the law was sanctioned and acted upon.

It therefore follows that the defendant cannot be permitted to assert title in the community to the property claimed by the plaintiff as her own.

The testimony adduced to show collection of rents or moneys by the plaintiff has failed to satisfy the district judge, as it does us, that she has received any, for which she can be held liable. In fact, the defendant specifies no amount and asks no particular relief under that feature of the case.

The only matter remaining for consideration is that portion of the judgment which allows the plaintiff to recover one thousand dollars from the defendant.

It appears that this sum is the price at which certain property standing in the name of one Coyle, but owned by plaintiff, was sold to one Fletcher.

The lower judge who heard the testimony which we have reviewed, was satisfied that the amount had been used for purposes of the community which was to that extent benefitted by it. There exists no reasonable doubt that it was not so, and we do not feel authorized to disturb his finding.

Judgment affirmed.

---

## CONCURRING OPINION.

FENNER, J. Considering that there is no suggestion of any interest of community creditors or of forced heirs involved in this controversy, and that the judgment herein would not be binding on such heirs or creditors, who are not parties; considering further that the five hundred dollars paid in cash, admitted to be the paraphernal funds of the wife, was the whole price actually paid for the property, and that there is no question of any payment made or liability incurred by the husband or the community on account of any credit portion of the price; and considering, therefore, that the property bought by Mrs. Maguire

from Davey was actually bought and paid for in full with paraphernal funds, I can see no reason why the defendant should be permitted to contradict his positive admissions in the authentic act that the property was the separate paraphernal property of his wife. Under repeated adjudications his simple heirs would be estopped from contradicting such authentic admissions made by him, and, *a fortiori*, does the same estoppel apply to him.   35 Ann. 33;   34 Ann. 374;   33 Ann. 688;  31 Ann. 124;  30 Ann. 1036;  9 Ann. 242.

For these reasons, I concur.

POCHÉ, J.   I concur in the additional reasons given by Mr. Justice Fenner.