## No. 12,571.

51 55
111 779

## NUMA JORDY VS. SOPHIE MUIR, HIS WIFE.

### SYLLABUS.

Jurisprudence has affirmed the principle, that the ability of the wife to acquire, during the marriage, property in her own name and for her separate, paraphernal account, is an exception to the general rule which is established by the Civil Code, and it must be strictly and rigidly construed.

That, in order to sustain her title, she is required to prove that she had paraphernal effects at her disposal adequate to enable her to make the new acquisition.

That it is against the policy of the law, and the spirit and letter of our system of legal community, to sanction contracts made by married women, under the pretext of investing her paraphernal effects when the amount invested bears no just proportion to the value of the property that is substituted therefor.

#### ON REHEARING.

The recital in the act by which the wife purchases, that it is made with her paraphernal funds, the husband a party to the act, the sale made on credit, is evidence for her to charge the husband with the amount of the cash payment, it being established he subsequently sold the property and received and applied the proceeds.

---

ON APPEAL from the Civil District Court for the Parish of Orleans. *Theard, J.*

*Armand Romain and Charles A. Butler* for Plaintiff and Appellee.

*A. B. Philips and Albert Voorhies* for Defendant and Appellant.

Argueed and submitted April 18, 1898.
Opinion handed down May 30, 1898.
Rehearing granted June 30, 1898.
Argued and submitted (on rehearing) November 7, 1898.
Opinion handed down January 9, 1899.
The opinion of the court was delivered by WATKINS, J.

The opinion of the court, on the application for rehearing, was delivered by BREAUX, J.

The opinion of the court, on rehearing, was delivered by MILLER, J.

WATKINS, J. The demand and prayer of the plaintiff are for a judgment of divorce, a *vinculo matrimonii,* from his wife, the defendant, forever dissolving the bonds of matrimony between them, and granting him the custody of their minor children.

On the trial there was judgment rejecting the plaintiff's demands, and one rendered in favor of the defendant, decreeing a separation *a mensa et thoro,* and giving her "the permanent care and custody of the minor children" of the marriage, the defendant's money demand being dismissed.

In the lower court the defendant filed a rule for a new trial solely on the ground that her money demand against her husband had been rejected, affirming the correctness of the judgment in all other respects, and the same having been discharged, she prosecutes this appeal, the plaintiff having acquiesced in the decree as rendered, confessing thereby that the charge of adultery he had preferred against his wife was not sustained by the evidence.

Hence the question presented for decision is rather one of money than of divorce.

In the answer of the defendant she avers that "in the month of April, 1895, she gave to her husband her check for two thousand three hundred dollars, proceeds of the sale of her paraphernal property, old No. 232 N. Galvez street, which said property was sold for two thousand five hundred and fifty dollars, he receiving the check from her amounting to two thousand three hundred dollars, and that he collected same, and converted it to his own use," for which sum she prays judgment against him personally.

It appears from other averments of her answer that those alleged transactions occurred during the marriage, which was celebrated on the 11th of March, 1879, and the deed of sale which was executed in favor of the defendant bears date December 10, 1886.

The position assumed in argument by defendant's counsel is that the property acquired thereby became the separate paraphernal property of the wife, and that the proceeds of its sale were likewise; and the receipt and use of the proceeds by the husband created a paraphernal indebtedness in her favor for which she is entitled to recover judgment in such suit as this.

On the contrary, it is assumed in the argument by plaintiff's counsel that the property purchased became and was an asset of the matrimonial community at the time existing between the spouses, and that the proceeds were likewise—the purchase price of said property having been paid with funds and money of the community.

To this last contention defendant's counsel replies that the plaintiff is equally estopped from urging the aforesaid plea as a defense, because he appeared before the notary who passed the act of sale, and in his presence, and that of witnesses, signed and ratified the sale to his wife as paraphernal property, and can not now be heard to gainsay or deny that act of ratification and acquiescence in an action to which the husband and wife are the only parties—no creditor of either asserting any interest therein.

For this last contention counsel for the defendant relies upon the support furnished by the opinions of this court in *Kerwin vs. Hibernia Insurance Company*, 35 An. 33 and Maguire vs. Maguire, 40 An. 579, and having consulted those decisions we have found that the plea of estoppel was maintained in each of them.

But in *Succession of Bollando*, 41 An. 491, the court held that,

under appropriate averrments, *error* might be shown, the act reciting that the property "was acquired by (the) wife with her paraphernal funds and for her separate benefit and advantage, although (the husband) was a party to the act."

And in the same case (42 An. 24) we repeated what was said in the first report of that case; that the husband "must be held to establish the error by strong, legal, and convincing evidence."

But even giving the defendant the full benefit of those decisions, she is, at all events, bound by the recitals which are contained in the act of sale to her.

Consulting them we find the following, viz.:

"That Charles Garvey" * * * for the consideration and on the terms and conditions hereinafter set forth and expressed, does by these presents grant, bargain, sell, etc., * * * unto Mrs. Sophie Muir, wife * * * of Joseph Numa Jordy * * * her said husband, with her here present * * * accepting and purchasing with her own separate paraphernal funds, for herself, * * * the following described property, to-wit, etc."

Omitting the description of the property the consideration is thus stated, to-wit:

"This sale is made and accepted for and in consideration of the price and sum of two thousand five hundred dollars, of which the sum of seven hundred and sixteen dollars and nineteen cents has been paid in cash by said purchaser to said vendor, and for the balance of said price said purchaser assumes and binds herself to pay in the lieu and stead of said vendor, a certain promissory note, drawn by said vendor to his own order and by himself endorsed, dated 12th of September, 1885, and made payable for four hundred dollars in two years after date" (and secured by mortgage), * * * and for the balance of said price said purchaser has made and furnished her two promissory notes, drawn by him to her order, and countersigned by her said husband to authorize her, dated this day, and made payable each for the sum of six hundred and ninety-one dollars and ninety cents respectively, at one and two years after date," and secured by vendor's lien and mortgage.

From the foregoing it appears that of the total price the sum of seven hundred and sixteen dollars and nineteen cents only was paid on the execution of the deed, and that she assumed and promised to pay for the vendor a mortgage note which burthened the property, and

executed two notes for the aggregate balance of one thousand three hundred and eighty-three dollars and eighty cents, secured by mortgage and vendor's lien on the same.

The question necessarily arises on the face of the act containing those recitals, whether it carried to the defendant a separate paraphernal title to the property.

We are not disposed to think it did.

In Bouligny vs. Fortier, 16 An. 209, our predecessors gave this question most serious and thoughtful consideration, and in the course of their opinion, said:

"We have stated that the right of the wife to invest or reinvest her paraphernal effects is derived from the liberal interpretations given to Articles 2361 and 2367 of the Civil Code. Were it not so, the investment would inure to the community to the extent of the amount invested. We have searched in vain, in our reports, for a case where the right of the wife to *invest beyond her means* was sanctioned by this court, but we have, on the contrary, found numerous decisions either setting aside conveyances made to the wife, *on her failure to show adequate means,* or maintaining similar conveyances by reason of such adequate means.

"Ellis vs. Rush, 5 An. 116; Squier vs. Stockton, 5 An. 742; Young vs. Young, 5 An. 611; Metcalf vs. Clark, 8 An. 286; Pearson vs. Pearson, 15 An. 119; Clark vs. Norwood, 12 An. 596; Cormier vs. Ryan, 10 An. 688; Bass vs. Larche, 7 An. 104.

"As the ability of the wife to acquire, during marriage, property in her own name and for her separate account, is, in our jurisprudence, an exception to the general rule (C. C. 2374). It must be, therefore, strictly and rigidly construed and, consequently, the wife is required not only *to prove that she had paraphernal effects at her disposal, but also that they were ample to enable her, reasonably at least,* to make the new acquisition, *otherwise the contract will be treated as a contract of the community.* * * *

"The authority to invest does not carry with it the unbounded liberty to run into wild and ruinous speculations, and was never intended to place the wife, having paraphernal property, on a footing of perfect equality with a wife separated in property by judgment or by contract, as would be the case did we hold the third opponent to her contract.

"We therefore conclude that it is against the policy of the law, and

the spirit and letter of our system of legal community, to sanction contracts made by the wife, *under the pretext of investing her paraphernal effects, when, as in the case at bar, the amount invested bears no proportion to the value of the property substituted in its place, but on the contrary, that all such acquisitions belong to the community,* saving always to the wife her action for the reimbursement of the price contributed by her."

In that, as in the instant case, the wife attempted to purchase a piece of real estate in her own paraphernal title during the existence of her marriage, to a large extent upon terms of credit, the greater portion of the purchase price being represented by the vendees' assumption of the vendor's obligations, which were secured by mortgage on the property.

To our thinking there is a strong analogy between the two cases, in each of which the wife, during her marriage, sought to acquire paraphernal property, largely upon terms of credit, without making any proof of her possession of adequate separate property or revenues to meet her obligations at their maturity.

Under this state of facts it goes without saying that same would have to be met by the application of community revenues when they become due, to avoid seizure and sale of the property, and this result demonstrates clearly that the wife had no separate title at the time of the sale.

But there was evidence administered by the defendant at the trial which strengthens the conclusion that the property was not her paraphernal property, same being to the effect that the credit of the purchase price was paid by the husband to a great extent.

The statement of Numa Jordy, Jr., one of the children of the marriage, is shown by the following interrogation, to-wit:

"Q. Who paid the notes as they became due?

"A. My mother and father both; they both threw in and helped. My mother gave music lessons, and she borrowed money when she did not have the requisite amount—the required amount."

In addition to this the fact was developed that the plaintiff was in the employ of the firm of Stauffer, Eshelman & Co. at the time the deed was executed, and borrowed from them the sum of seven hundred and fifty dollars on that day, that being about the amount which was paid in cash for the property as recited in the deed.

The cashier of the firm, as a witness, makes the following statement, viz.:

"I will state to the court that when I received instructions to pay out those sums it was stated to me, and instructed, that I should make a memorandum that this money was to be refunded by monthly payments, and that it was given for the purpose of paying up for a residence."

After making this statement the following occurred, viz.:

"Q.  Will you swear, also, that these advances were made by you as an agent of the firm, through instructions of the senior member of that firm, and that those instructions were that those advances were to be made on condition and for the purpose of meeting partial payments on a residence—due on a residence?

"A.  To the best of my recollection these were my instructions."

To the foregoing interrogatory, and the answer sought, counsel for the defendant objected on the ground that the testimony was "hearsay, irrelevant and incompetent," and his objection having been overruled he reserved a bill of exceptions.

In our opinion the testimony was relative and competent.  It was not hearsay, because the alleged instructions came from the senior member of the firm, and it was not made to appear that they were given primarily by the plaintiff.

This evidence goes to strengthen the inference that is to be drawn from the book-entry showing that the amount the plaintiff borrowed on the day of the sale was the identical money used in making the purchase.

Altogether we are thoroughly impressed with the belief, founded upon the law and the evidence, that the sale did not invest a separate paraphernal title to the property in the defendant, and resting our decision upon this basis we feel constrained to hold that the judge a quo decided the case correctly.

Judgment affirmed.

---

ON APPLICATION FOR A REHEARING.

BREAUX, J.  Plaintiff sued for a divorce.  Defendant reconvened and prayed for a separation from bed and board and for a judgment on a moneyed demand representing her paraphernal rights.

Plaintiff's demand for a divorce was rejected.

Defendant's prayer for a separation *a mensa et thoro,* and for the care and custody of the children of the marriage was granted.

To this extent the judgment is a finality. To this length it will be affirmed by our decree.

Now as to the remainder of the case, relating exclusively to a moneyed demand, defendant applies for a rehearing on the ground that she is entitled to relief, at least, to the amount set forth in her application for a rehearing.

She avers that there is no estoppel in her favor as to the amount claimed, but that there is proof sustaining her moneyed demand growing out of a declaration contained in an act of purchase made during the existence of the community, to which act her husband was a party. That, subsequently, an act of sale was made during the existence of the community, also signed by her husband, containing recitals, which she avers also sustain her moneyed demand. The asserted proof contained in these deeds is supported, she alleged, by the statement of her witnesses.

As relates to this moneyed demand only, a rehearing is granted.

As to it only the issues are left open for re-argument, consideration and final decision.

Rehearing is refused save as to certain issues stated in foregoing reasons.

## On Rehearing.

Miller, J. The sole issue now before us arises on the demand of the defendant aginst her husband for judgment for the amount of her paraphernal funds she claims he received and applied to his own use.

To prove her demand she mainly relies on the statement in the act of sale of immovable property to her that the purchase was with her paraphernal funds, her husband being a party to the act, the purchase having been effected during the marriage, and it being established that the husband subsequently sold, received and applied the proceeds of the property thus purchased. The purchase price was part cash and part to be paid on one and two years credit. We held that in a purchase of that character by the wife to maintain her title she must show that besides the paraphernal funds used in the cash payment she had such means to an amount adequate to make the credit payments, and in this connection we cited the leading case of Bouligny

vs. Fortier, 16th Ann. 209. It is insisted on the rehearing that on this branch of the case we failed to give effect to the recital in the act claimed to furnish full proof against the husband that the entire price was paid with paraphernal funds, and of his liability for the proceeds received by him from the sale of the property.

The right of the wife under our Code to administer and alienate her separate or paraphernal property, has been deemed to carry her right to acquire paraphernal property during the marriage. Our jurisprudence in this respect exempts such acquisitions from the general rule, that all property bought during the marriage by either spouse falls into the community. But to maintain the wife's title to property bought by her during the marriage she must prove that such purchases are made with paraphernal funds not under the husband's administration. Civil Code, Articles 2383, 2384, 2390, 2400. Terrell vs. Cutrer, 1st Rob. 367; Stroud vs. Humble, 2nd Ann. 367; Bouligny vs. Fortier, 16th Ann. 209; Miller vs. Handy, 33rd Ann. 166. In a controversy like this between the spouses, no creditors asserting rights, the recital in the act of purchase that it is made with paraphernal funds, is undoubtedly entitled to appropriate effect and our decisions have accorded that effect. Barbet vs. Roth, 16th Ann. 271; Succession of Wade, 21st Ann. 343; Kerwin vs. Insurance Co. 35th Ann. p. 33; Succession of Bellandc, 42nd Ann. 242. When along with that recital the entire price is paid cash, there would seem to be no difficulty in applying the husband's admission in the recital, to the entire price. In this case, we are asked to give to the recital the effect of an admission by the husband not only that the cash payment was with paraphernal funds, but that the future payments, i. e. the credit portions of the price were paid with such funds. The wife's capacity to acquire paraphernal property is necessarily limited by the paraphernal means she possesses, and an admission by the husband of her use of paraphernal funds naturally referable to the time when she buys, could not easily be applied as admission of future payments with such means. On this question of the wife's competency to buy on credit reason would seem to suggest that in such cases the proof, at least, should be exacted beyond such a recital as we find in this act and should show that she was possessed of paraphernal funds adequate not only for the cash, but to meet the credit payments, and our decisions on the line of public policy, as well as law, have enforced the necessity of such proof. The wife has produced testimony to

show she had the means to buy, but we think it fails of its purpose. The testimony tends to prove that after her marriage she gave music lessons, besides followed the occupation of a milliner and borrowed from friends. But the earnings of the wife, not separate in property, fall into the community, and the debts incurred by the spouses are community debts. Civil Code, Arts. 2402, 2403. Davock vs. Darcy, 6th Robinson, p. 342; Chauviere vs. Fliege, 6th Ann. p. 56. Hence payments of the credit installments of the price from such resources would not aid her pretensions in this controversy, that the property was paraphernal.

This is not, however, a demand for the property; that has been sold, the husband has received the proceeds and she seeks a judgment against him for the amount of the proceeds as her paraphernal funds. In this form of controversy, it seems to us that the declaration of the husband, in the act of purchase, that it was made with paraphernal funds, may, with reason, be applied as an admission that the cash payment was with paraphernal funds. We more readily reach this conclusion in view of the testimony in the record, not at all definite as to the amount, that she had some money when she married. The recital is, in our view, to be accepted as an admission that her paraphernal funds, to the extent of the cash payments, were used in the purchase of the property, and hence, to that extent, her claim as a creditor of the husband, in our opinion, is sustained.

It is therefore ordered, adjudged and decreed that our previous decision be avoided, and it is now ordered and decreed that the judgment of the lower court, in so far as it dismisses the money demand of the defendant, be, and it is hereby reversed and set aside, and that the defendant recover from plaintiff, her husband, the sum of seven hundred and sixteen dollars, with legal interest and costs.

Absent, NICHOLLS, C. J.