DAWKINS, J.
Plaintiff seeks to be recognized as the owner of a one-half interest in a certain piece of real property and a mercantile' business conducted therein, upon the ground that same were the separate and paraphernal property of her sister, who was also the wife of defendant. The other half, she alleges, belongs to the children of another deceased sister. On the other hand, defendant claims the whole of the property belonged to the matrimonial community existing between him and his late wife, and, therefore, that he owns one-half in his own right, the other half having been inherited by him in virtue of article 915 of the R. O. C., as amended by Act No. 57 of 1910.
There was judgment for defendant, but reserving to plaintiff her right to sue in an appropriate proceeding for certain paraphernal funds used by the deceased in the business. Plaintiff appeals.
Opinion.
Without finding it necessary to go into an extended review of the evidence, we conclude that the facts found by the trial judge are supported by the record.
When defendant and his wife were married some 22 years before^ her death, neither had anything, and the property accumulated thereafter was the result of the labor of either one or the other, or both, and fell into the community, with the exception of small sums inherited from her father’s estate or advanced by her relatives.
 Plaintiff relies mainly upon the fact that on some three occasions, prior to 1915, when the real property was acquired in 'the wife’s name, the husband appeared and signed deeds covering the transactions had with building and loan associations, and in which it was recited that the wife was buying with her separate funds, and that for this reason he was estopped to deny its paraphernal character. However, in each instance, the purchase was on terms of credit, and the estoppel, of course, could not extend beyond an acknowledgment of her ownership of the funds paid under the deed. Jordy v. Muir, 51 La. Ann. 55, 25 South. 550. He did not guarantee nor was he estopped from showing that the deferred payments were thereafter made by the community. But, aside from this, in the present case, the last act by which she acquired from the building and loan association in 1915 (the one under which the property was held at her death), did not recite that she had acquired with her separate funds, and hence it is presumed in law that the property was acquired under that deed by the community. R. C. C. art. 2403; Fortier v. Barry, 111 La. 776, 35 South. 900; Holloman v. Alexandria B. & L. Ass’n., 137 La. 970, 69 South. 764. In the latter case it was held that since the passage of Act 120 of 1902, the sale to, and repurchase from, a building and loan association “cannot be* dealt with as a loan secured by mortgage, but as a purchase and a sale, with vendor’s rights and privileges.”
As to the stock of merchandise, it is clear that the same was acquired under like conditions, that is, by the joint industry of the two spouses. It is conceded that the wife was the better business “man” of the two, and that she probably contributed more of time and energy to its earnings; but, nevertheless, the business was conducted by both, and was undoubtedly a community asset.
Deceased left only collateral relations, and, under article 915 of the Code, as amended, the husband inherited the wife’s half of the community.
For the reasons assigned, the judgment of the lower court is affirmed with costs.