722 So.2d 107 (1998)
Julie Ann Mouiller GRANGER, Plaintiff-Appellant,
v.
Carl Douglas GRANGER, Jr., Defendant-Appellee.
No. 98-429.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1998.
*108 Nicholas Soileau, Mamou, for Julie Ann Mouiller Granger.
Kathy Fontenot Deshotel, Ville Platte, for Carl Douglas Granger, Jr.
Before DOUCET, C.J., and COOKS and SULLIVAN, JJ
COOKS, Judge.
This appeal arises from a community property partition suit between Julie Ann Mouiller Granger and Carl Douglas Granger, Jr. Mrs. Granger appeals the trial court's decision characterizing the family residence as Mr. Granger's separate property. She also appeals the trial court's decision granting Mr. Granger a credit of $1100 against his half of the community obligation. Finally, she appeals the trial court's decision to reduce her portion of community assets by the amount of community property she already possesses.
For the reasons which follow, we affirm the judgment of the trial court.

BACKGROUND FACTS
Doug and Julie Granger were married on June 8, 1984. On April 23, 1991, Mrs. Granger filed a petition for divorce which was granted on February 25, 1992. Following the divorce, she filed a petition for a partition of the community assets, along with a detailed description listing the items she alleged was community property. Among other things, she alleged that the brick home the parties purchased during the marriage was community property. Further, she alleged that all improvements on the home were also acquired by using community funds. Finally, she alleged that certain debts were community debts and that Mr. Granger owed her reimbursement for payment of these debts up until the time of trial and that any remaining portion should be split or allocated equally between the parties for payment.
*109 Mr. Granger filed an answer to the petition and also filed a detailed descriptive list. He alleged, among other things, that the brick home purchased during the marriage was his separate property and that he paid his half of the debts listed by Mrs. Granger. He also submitted that Mrs. Granger received certain monies at the termination of the marriage, either by a division of cash on hand or Mrs. Granger took possession of certain monies from their joint bank accounts, and that as a result, she was not entitled to receive any from their community property.
After a trial on the merits, the trial court classified the various properties and debts as either being separate or community. Specifically, the trial judge found the home and all improvements purchased with the home was Mr. Granger's separate property. He also ruled the debt owed to the Fertility Institute of New Orleans was a community debt, but allowed Mr. Granger a credit of $1100 against his half of the community debt. Finally, the trial court found Mrs. Granger left the matrimonial domicile with community funds on deposit at American Security Bank. As a consequence, the judge credited this amount to Mrs. Granger's share of the community property.

ASSIGNMENTS OF ERROR
She now assigns the following errors for review:
1. Whether the appellee commingled community property and separate funds that were in Certificates of Deposit and Money Market Accounts listed in both appellant's and appellee's names; which funds were deposited in a joint checking account and used to purchase the community brick home, so as to make the home community property.
2. Whether the appellee is entitled to a credit of $1100 against his half of the community debt owed to the Fertility Institute of New Orleans and if not what then is the amount owed by each.
3. Whether or not any evidence or proof is contained in the record that appellant left the matrimonial domicile with the sums on deposit at American Security Bank in accounts # 563447 with a balance of $2586.31 and # XX-XXXX-X with a balance of $500, so as to thereby reduce appellant's half of the former community property as already received.

STANDARD OF REVIEW
Generally, an appellate court may not set aside the factual findings of a trial court unless there is a finding of manifest error or it is clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). "The reviewing court must review the record in its entirety to determine whether the trial court's finding was clearly wrong or manifestly erroneous." Butler v. Zapata Haynie Corp., 92-71, p. 7 (La.App. 3 Cir. 2/23/94); 633 So.2d 1274, 1278, writ granted in part and denied in part, 94-1171 (La.7/5/94); 639 So.2d 1186; cert. denied, 513 U.S. 1017, 115 S.Ct. 579, 130 L.Ed.2d 494 (1994). To reverse the determinations of the trial court, an appellate court must:
1) find from the record that a reasonable factual basis does not exist for the finding of the trial court, and
2) determine that the record establishes that the finding is clearly wrong or manifestly erroneous.
Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993).

LAW AND ANALYSIS

The Brick Home
Mrs. Granger contends the trial court committed manifest error in holding that the brick home and the improvements were the separate property of Mr. Granger. We disagree.
On May 30, 1993, the Grangers purchased a purchased a brick home for $30,000 from the father and sister of Mr. Granger. The Act of Cash Sale listed the purchasers as "Carl Douglas Granger and Julie Ann Granger, husband and wife." The funds used to purchase the brick home came from the appellee's and appellant's joint Certificates of Deposit and Money Market Accounts. These funds were eventually placed in the appellee's and appellant's joint checking account *110 from which checks in the amount of $20,000 and $10,000 were issued to the appellee's father and sister. Mr. Granger points out the vast majority of these funds represents a portion of his mother's estate which he acquired by succession. Mrs. Granger argues that the $30,000 is comprised of community funds commingled with separate funds, making all of the funds community property. She urges that the brick home and its improvements are community assets.
La.Civ.Code art. 2338 provides:
The community property comprises: property acquired during the existence of the legal regime through the effort, skill, or industry of either spouse; property acquired with community things or with community and separate things, unless classified as separate property under Article 2341; property donated to the spouses jointly; natural and civil fruits of community property; damages awarded for loss or injury to a thing belonging to the community; and all other property not classified by law as separate property.
"Things in the possession of a spouse during the existence of a regime of community acquets and gains are presumed to be community, but either spouse may prove that they are separate property." La.Civ.Code art. 2340 (emphasis added).
La.Civ.Code art. 2341 states in pertinent part:
The separate property of a spouse is his exclusively. It comprises: property acquired by a spouse prior to the establishment of a community property regime; property acquired by a spouse with separate things or with separate and community things when the value of the community things is inconsequential in comparison with the value of the separate things used; property acquired by a spouse by inheritance or donation to him individually;....
"Funds are not community by virtue of the fact that they are in a joint account." Jensen v. Jensen, 93-455, p. 4 (La.App. 3 Cir. 1/5/94); 630 So.2d 959, 961. In Curtis v. Curtis, 403 So.2d 56 (La.1981), the Supreme Court held:
We have stated in cases involving bank accounts that the mere mixing of separate funds and community funds in the same account does not itself convert an entire account into community property; only when separate funds are commingled with community funds indiscriminately so that the separate funds cannot be identified or differentiated from the community funds are all the funds characterized as community funds. Where separate funds can be traced with sufficient certainty to establish the separate ownership of property paid for with those funds, the separate status of such property will be upheld.
Id. at 59 (citations omitted). Furthermore, "[t]he party alleging the separate character of property must prove that the property was acquired and paid for with separate funds by proof that is fixed, clear, positive and legally certain." Young v. Young, 549 So.2d 437, 441 (La.App. 3 Cir.1989), citing Succession of Hamiter, 519 So.2d 341 (La.App. 2 Cir.), writ denied, 521 So.2d 1170 (La.1988). This level of proof is greater than a preponderance of the evidence, but less than a reasonable doubt. Salley v. Salley, 94-418 (La.App. 3 Cir. 11/23/94); 647 So.2d 1164, affirmed, 95-0387 (La.10/16/95); 661 So.2d 437.
The trial judge found Mr. Granger met his burden of proof, thereby sufficiently rebutting the presumption that the brick home is community property. Mr. Granger testified $24,000 of the certificates of deposit used to purchase the home were proceeds from the sale of the Grangers' previous home. This home was conveyed to Mr. Granger by his father in exchange for an agreement that he would take $25,000 less in cash owed to him from his mother's estate. Mr. Granger testified the listed certificates of deposit were also purchased with succession money disbursed to him from his mother's estate. This claim was substantiated by a check, introduced at trial, made payable to Mr. Granger in the amount of $11,750.00, representing his balance of the succession owed to him. Under the principle of real subrogation, funds acquired through the sale of separate property remain separate. Also, "[t]he separate property of a spouse is his exclusively. It comprises ... property acquired by a spouse by inheritance or donation *111 to him individually." La.Civ.Code art. 2341.
Mrs. Granger did not present any evidence refuting Mr. Granger's testimony. She argues that once the separate funds were deposited in the joint checking account, they became indiscriminately mixed with community funds, thus making all of the funds community property. Her argument is without merit. Mr. Granger's separate funds were not mixed with community funds such that they are no longer capable of identification. The only community funds which were commingled with Mr. Granger's separate money was the interest earned from his certificates of deposit and a small amount of earnings from the couple's jobs, both of which were minute in comparison to the amount of separate funds in the account. We cannot say, under the circumstances, the trial judge erred in finding the home was purchased with funds substantially derived from Mr. Granger's separate property and thus remained a part of his separate estate. See Cutting v. Cutting, 625 So.2d 1112 (La. App. 3 Cir.1993), writ denied, 93-2770 (La.1/7/94); 631 So.2d 453; La.Civ.Code art. 2341.

The Community Debt
Mrs. Granger contends that the trial court committed manifest error in granting Mr. Granger an $1100 credit against the community debt owed to the Fertility Institute of New Orleans, by failing to make a finding on how much was still owed and by failing to recognize those amounts paid by her as part of the amount owed by Mr. Granger. We disagree.
During the marriage, Mrs. Granger received fertility treatments at the Fertility Institute of New Orleans. The trial court found this debt was a community debt; and Mr. Granger owed one-half (½) of the fertility bill less any amounts previously paid toward the bill. The trial court, then credited the $1100 cash payment by Mr. Granger to Mrs. Granger against that portion of the debt owed by him for the fertility treatments. While acknowledging that she received a $1100 check, Mrs. Granger testified that the check was money for her to use while the parties were waiting to divorce and divide the assets and liabilities of the community. Mrs. Granger stated she paid $2647.85 of the fertility debt with separate funds leaving a balance of $1181. She argues the trial court failed to recognize her prior payments and entitlement to a credit for Mr. Granger's share of the debt paid by her.
Even though an appellate court may feel that its own evaluations and inferences are more reasonable than the factfinder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Rosell, 549 So.2d 840; Arceneaux, 365 So.2d 1330. This Court has always emphasized the "reviewing court must always keep in mind that `if the trial court or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.'" Mertens v. Mertens, 96-391 (La.App. 3 Cir. 10/9/96); 688 So.2d 1148, 1152 (quoting Housley v. Cerise, 579 So.2d 973 (La.1991)).
We have recognized that "[t]he reason for this well-settled principle of review is based not only upon the trial court's better capacity to evaluate live witnesses (as compared with the appellate court's access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts." Canter v. Koehring Co., 283 So.2d 716 (La.1973). Thus, where two permissible views of the evidence exist, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong.
In its reasons for judgment the trial court held:
Mr. Granger, however, would owe one-half (½) of the fertility bill from the Fertility Institute less any amounts previously paid toward the fertility bill. He introduced a check to show he had paid part of his share by giving her $1,100 in payment thereof. This is a very old bill and we have no way of knowing whether this was previously paid by community funds or not as we have nothing from the Fertility Institute of *112 New Orleans to show whether there were any payments made or whether there is an outstanding balance at this time. If it is, it is very likely the bill is prescribed since it does not show any payments being made.
While we may have weighed the evidence differently had we been the initial trier of fact, we cannot conclude that the trial court's evaluations of credibility and inferences were in fact unreasonable. We conclude the trial court was not manifestly erroneous in granting an $1100 credit to Mr. Granger against the community debt or refusing to recognize that the amounts paid by Mrs. Granger were from separate funds.
Monies from Community Bank Accounts
Finally, Mrs. Granger asserts the trial court committed manifest error in holding her portion of the community assets should include $2586.31 and $500.00, the sums she withdrew from the joint accounts at American Security Bank, upon her exit from the matrimonial domicile. Again, we disagree.
The trial court was faced with conflicting testimony regarding whether Mrs. Granger left the marriage with proceeds from the American Security Bank money market account number XX-XXXX-X and checking account number XX-XXXX-X. The trial court's ultimate resolution of the question was predicated on credibility determinations. As such, this Court cannot disturb the decision unless we find that it is unreasonable "in light of the record reviewed in its entirety." Mertens, 688 So.2d at 1152. The record supports the trial judge's credibility determinations.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.